Gurdev SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76854.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John E. Cunningham, III, U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Gurdev Singh, a native and citizen of India, petitions for review of a Board of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts the decision of the IJ, but also adds its own reasoning, we review both decisions. *See Kaur v. Ashcroft,* 388 F.3d 734, 736 (9th Cir.2004). We review for substantial evidence, *Baballah v. Ashcroft,* 367 F.3d 1067, 1073 (9th Cir.2004), and we grant the petition and remand.

The BIA "agree[d] with the IJ that Singh experienced past persecution," but found that future persecution was unlikely because of changed conditions in India. The IJ's and BIA's findings regarding well-founded fear are not supported by substantial evidence because the IJ and BIA failed to evaluate well-founded fear in light of the presumption that arises from a finding that an applicant has demonstrated past persecution. *See Mamouzian v. Ashcroft,* 390 F.3d 1129, 1135 (9th Cir.2004). Because the IJ and BIA only considered Singh's well-founded fear in the absence of this presumption, we remand the asylum and withholding claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

The IJ denied Singh's CAT claim on the theory that, if Singh had failed to prove asylum, he must likewise have failed to demonstrate relief under CAT. This is not the proper standard, *see Mihalev v. Ashcroft,* 388 F.3d 722, 731 (9th Cir.2004), and therefore we likewise remand Singh's CAT claim to the agency. *See Ventura,* 537 U.S. at 16–18, 123 S.Ct. 353.

PETITION FOR REVIEW GRANTED and REMANDED.